UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
----------------------------------------------------------------------x

In re:

    **LARRY WILLIAMS**                                              Case No. 17-36758cgm

      and                                                     Chapter 13

    **MARILYN Y. WILLIAMS,**

                                                       **HON. CECELIA G. MORRIS**

      Debtors.

----------------------------------------------------------------------x

## MOTION FOR RELIEF FROM AUTOMATIC STAY

**TO:**    **THE HONORABLE CECELIA G. MORRIS**
           **CHIEF UNITED STATES BANKRUPTCY JUDGE**

Secured Creditor, Ocwen Loan Servicing, LLC as servicer for U.S. Bank National Association, as Trustee, for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2007-CB3, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtors, Larry Williams and Marilyn Y. Williams, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on October 18, 2017. Debtors are not infants, incompetent, or currently on active duty in the military service of the United States of America. See Federal Rule of Civil Procedure 55 Affidavit, attached hereto as Exhibit "A."

2. On September 25, 2006, Debtors, Larry Williams and Marilyn Y. Williams (a/k/a Marilyn Williams) executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $378,000.00 to New Century Mortgage

Corporation. The mortgage was held by Mortgage Electronic Registration Systems, Inc. as nominee for New Century Mortgage Corporation. The Mortgage was recorded on October 17, 2006 in Book 12281 at Page 0950 of the Public Records of Orange County, New York. On August 24, 2017, Debtors, Larry Williams and Marilyn Y. Williams (a/k/a Marilyn Williams) entered into a Loan Modification Agreement, thereby decreasing the principal balance to $304,850.34, and an additional $99.96 deemed as deferred principal balance. The Mortgage was assigned to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "B." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

3.   Ocwen Loan Servicing, LLC services the underlying mortgage loan and note for the property referenced in this Motion for U.S. Bank National Association, as Trustee, for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2007-CB3 (hereinafter, "noteholder") and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the Debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of the noteholder. The noteholder has the right to foreclose because noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to noteholder or has been duly endorsed.

4.   The mortgage provides Secured Creditor a lien on the real property located at 49 Ramblewood Drive, Newburg, New York 12550 in Orange County, New York, and legally

described as stated in the mortgage attached in Composite Exhibit "B."

5. The terms of the aforementioned Note and Mortgage have been in default, and remain in default since January 1, 2018, in the amount of $14,433.00. A true and accurate copy of Secured Creditor's affidavit in support and statement in regard to indebtedness and default is attached hereto as Exhibit "C." As per the Secured Creditor's statement the total amount due is $314,061.21, as of May 7, 2018.

6. The stated value of the property is $299,700.00. See Exhibit "D" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

7. Based upon the Debtors Amended Chapter 13 Plan (Docket No. 14), the Debtors are curing the arrears through the plan and paying the monthly mortgage payments directly to Secured Creditor.

8. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtors' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

9. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from

the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtors' assets.

11. Once the stay is terminated, the Debtors will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

12. The Trustee shall be notified of any surplus monies realized upon sale of the property in a foreclosure proceeding brought by Secured Creditor.

13. No previous application has been made for the relief request herein.

14. Secured Creditor requests approval of legal fees in amount of $850.00 and costs in the amount of $181.00 associated with this motion. Such fees and costs would not be collectable from the Debtor or chargeable to the Debtor's Bankruptcy estate.

15. Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. §§ 362(d)(1) and (d)(2) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding,

and for any such further relief as this Honorable Court deems just and appropriate.


Dated: May 21, 2018
     Westbury, NY

                                   ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
                                   Attorney for Secured Creditor
                                   6409 Congress Ave., Suite 100
                                   Boca Raton, FL 33487
                                   -and-
                                   900 Merchants Concourse
                                   Westbury, NY 11590
                                   Phone: (516) 280-7675
                                   Fax:    (516) 280-7674


                                   By: /s/ *Kevin R. Toole*_____
                                   Kevin R. Toole, Esq.
                                   Email: KTOOLE@RASCRANE.COM